IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**THERESA SMITH, Individually and on**      **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.      No. 1:22-cv-120

**FELDER SERVICES, LLC**      **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Theresa Smith ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Courtney Lowery of the Sanford Law Firm, PLLC, for her Original Complaint—Collective Action against Felder Services, LLC ("Defendant"), states and alleges as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated a proper overtime compensation for all hours that Plaintiff and all others similarly situated worked.

2. The United States District Court for the Southern District of Alabama has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Alabama.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Alabama has personal jurisdiction over Defendant, and Defendant therefore "resides" in Alabama.

5. Plaintiff was employed by Defendant at its facilities located in Mobile County.

6. The acts alleged in this Complaint had their principal effect within the Southern Division of the Southern District of Alabama, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.   THE PARTIES

7. Plaintiff is an individual resident and domiciliary of Coosa County.

8. Defendant is a domestic, limited liability company.

9. Defendant's registered agent for service is Thomas O. Gaillard III at 150 Government Street, Suite 2000, Mobile, Alabama 36602.

10. Defendant, in the course of its business, maintains a website at https://www.felderservices.com/.

## III.   FACTUAL ALLEGATIONS

11. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as tools, materials and equipment.

13. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

14. At all times material herein, Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

15. Defendant employed Plaintiff as an hourly-paid Dietary Worker and Cook from October of 2016 to the present.

16. At all times material herein, Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA and paid her an hourly wage.

17. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

18. In addition to her hourly rate, Plaintiff received periodic bonuses when she agreed to work certain shift ("bonuses").

19. Defendant also employed other hourly employees who received these bonuses (hereinafter, "bonusing employees").

20. The bonuses were based on measurable, objective criteria.

21. The bonuses are part of Defendant's compensation package.

22. Plaintiff and other bonusing employees expected to receive and did in fact receive these bonuses on a periodic basis.

23. At all relevant times herein, Defendant directly hired bonusing employees to work at its facilities, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24. Plaintiff regularly worked over forty hours per week while employed by Defendant.

25. Other bonusing employees worked over forty hours in at least some weeks while employed by Defendant.

26. During weeks in which Plaintiff and other bonusing employees worked over forty hours, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the nondiscretionary bonuses that Defendant provided to Plaintiff and other bonusing employees.

27. Section 778.208 of Title 29 of the CFR requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

28. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as nondiscretionary bonuses, in the regular rate when calculating Plaintiff's and other bonusing employees' overtime pay.

29. Plaintiff regularly worked hours which went unrecorded (for the purposes of payment) and uncompensated.

30. When Defendant was short-staffed, Plaintiff occasionally worked past her scheduled shift, but Defendant either clocked her out before she left or retroactively changed her hours to artificially reduce her recorded hours.

31. Defendant knew or should have known that Plaintiff was working hours for which she was not compensated.

32. At all relevant times herein, Defendant has deprived Plaintiff and similarly situated employees of proper overtime compensation for all of the hours worked over forty per week.

33. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### IV.   REPRESENTATIVE ACTION ALLEGATIONS

34. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

35. Plaintiff brings this FLSA claim on behalf of all other hourly, bonusing employees who were employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as nonexempt from the overtime requirements of the FLSA, and who are entitled to payment of the following types of damages:

A. Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty hours in a week;

B. Liquidated damages; and

C. Attorney's fees and costs

47. Plaintiff proposes the following collective under the FLSA:

> **All hourly-paid employees who earned a bonus in connection with work performed in any week in which they worked more than forty hours within the past three years.**

48. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

49. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

50. The proposed FLSA collective members are similarly situated in that they share these traits:

    A. They were classified by Defendant as nonexempt from the overtime requirements of the FLSA;

    B. They were paid hourly rates;

    C. They were eligible for and received nondiscretionary bonuses;

    D. They worked over forty hours in at least one week in which they performed work in connection with a bonus; and

    E. They were subject to Defendant's common policy of failing to include the bonuses in their hourly rate when calculating their overtime pay.

51. Plaintiff is unable to state the exact number of the class but believes that there are at least fifty (50) other employees who worked as hourly employees and received an improperly calculated overtime rate due to Defendant's failure to include the nondiscretionary bonuses in the regular rate.

52. Defendant can readily identify the members of the Section 16(b) collective which encompasses all hourly employees who received a bonus and worked more than forty hours in a week.

53. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be

provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### V.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

54. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

55. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

57. Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA.

58. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff a proper overtime rate for all hours worked in excess of forty per week.

59. Defendant violated Section 778.208 of Title 29 of the CFR by not including all forms of compensation, including nondiscretionary bonuses, for Plaintiff in her regular rate when calculating her overtime pay.

60. Defendant failed to pay Plaintiff at the proper overtime rate.

61. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

62. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

63. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

64. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

65. Plaintiff brings this collective action on behalf of herself and all similarly situated employees who were employed by Defendant and received nondiscretionary bonuses, to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all the hours he and they worked in excess of forty each week.

66. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

67. Defendant classified Plaintiff and all others similarly situated as nonexempt from the overtime requirements of the FLSA.

68. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff and all others similarly situated a proper overtime rate for all hours worked in excess of forty per week.

69. Defendant violated Section 778.208 of Title 29 of the CFR by not including all forms of compensation, such as nondiscretionary bonuses, given to Plaintiff and others in their regular rate when calculating their overtime pay.

70. Upon information and belief, Plaintiff and all or almost all employees who received nondiscretionary bonuses worked more than forty hours in at least one week in which they performed work connected to a bonus.

71. Defendant failed to pay Plaintiff and similarly situated employees at the proper overtime rate.

72. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

73. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

74. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided for by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Theresa Smith, individually on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiff, the collective members

and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

  C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and the attendant regulations;

  D. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

  E. Judgment for damages for all unpaid back wages owed to Plaintiff and members of the collective from a period of three years prior to this lawsuit through the date of trial under the FLSA and the attendant regulations;

  F. Judgment for liquidated damages pursuant to the FLSA and the attendant regulations;

  G. An order directing Defendant to pay Plaintiff and members of the collective interest, reasonable attorney's fees and all costs connected with this action; and

  H. Such other relief as this Court may deem just and proper.

          Respectfully submitted,

          **THERESA SMITH, Individually**
          **and on Behalf of All Others**
          **Similarly Situated, PLAINTIFF**

          SANFORD LAW FIRM, PLLC
          10800 Financial Center Parkway, Suite 510
          Little Rock, Arkansas 72211
          Telephone: (501) 221-0088
          Facsimile: (888) 787-2040

          */s/ Courtney Lowery*
          Courtney Lowery
          Ala. Bar No. 4047-v46j
          courtney@sanfordlawfirm.com